178 So. 245

### BEARDEN v. STATE.

5 Div. 33.

Court of Appeals of Alabama.

Jan. 11, 1938.

40

Reynolds & Reynolds, of Clanton, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The jury in this case returned a general verdict of "guilty as charged in the indictment." The indictment contained two counts, and charged the defendant with the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. The second count charged him with the offense of distilling, making, or manufacturing alcoholic, spirituous, or malt liquors or beverages, a part of which was alcohol, contrary to law. The indictment was in proper form and substance.

The corpus delicti, as to the offenses charged in the indictment, was proven without dispute or conflict. The defendant offered no testimony. Pending the trial no exceptions were reserved to the court's rulings upon the admission of the testimony. Appellant, however, requested the general affirmative charge as to each count of the indictment, but in our opinion, the insistence in this connection of appellant's able counsel is wholly untenable. As stated, the corpus delicti was proven, and there was ample evidence tending to show that the defendant was guilty of the commission of each of the offenses charged against him.

We deem it unnecessary to quote from the record the evidence adduced upon the trial of this case.

The exceptions reserved to the court's oral charge are without merit.

Appellant's insistence that the evidence in this case is purely circumstantial is not well taken. There was evidence direct and positive tending to establish the fact that the crimes complained of had been committed, and also that this appellant was actively engaged in working at and about and with the contraband still; all this, coupled with the voluntary undenied confession of the defendant, was sufficient to sustain the verdict of the jury and to support the judgment of conviction pronounced and entered in accordance therewith.

Affirmed.